## UNITED STATES DISTRICT COURT DISTRICT
## OF THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KRISTINA L HANSEN** | |
| PLAINTIFF**,** | |
| **vs.** | **DOCKET NO.** |
| | **CIVIL ACTION COMPLAINT** |
| **VERTICAL CAPITAL INCOME FUND and** | |
| **STATEBRIDGE COMPANY LLC** | |
| DEFENDANT**,** | |

Plaintiff sues Defendant and by way of a Complaint states (any use of the term Defendant in the singular shall be deemed to apply to the Defendants in the plural):

1. **Parties and Jurisdiction**
   A. Plaintiff KRISTINA L. HANSEN is of majority age residing at 1024 Toll Street, Eddystone, PA 19022 (the "Property").
   B. Defendant VERTICAL CAPITAL INCOME FUND is and was, at all material times hereto, a foreign corporation whose corporate domicile and alleged authority to do business in the Commonwealth of Pennsylvania is unknown, but with its principle place of business located at 80 ARKAY DRIVE SUITE 110. HAUPPAUGE NY 11788.
   C. Defendant STATEBRIDGE COMPANY LLC  is and was, at all material times hereto, a foreign corporation whose corporate domicile and alleged authority to do business in the Commonwealth of Pennsylvania is unknown, but with its principle place of business located at 6061 S Willow Dr, Greenwood Village, CO 80111.
   D. At all times relevant and material hereto the Defendants were both the owner and servicer of the Note/Mortgage referenced herein, or, alternatively was the servicer of the Note/Mortgage referenced herein, charged with the responsibility of servicing, managing, maintaining, processing loss mitigation applications and doing all acts

necessary to handle the Note/Mortgage in accordance with applicable State and Federal regulations, acting at all times did act on their own individual behalf and as agents, servants, workmen and/or employees of the owner of the Note/Mortgage.

E. Jurisdiction is based on 28 U.S. Code § 1331 as the issue in controversy arising under the Constitution, laws, or treaties of the United States, specifically: 15 U.S.C 1692-1692p, the Fair Debt Collection Practices Act, 12 USC Section 2601 et seq. including Regulation Z, which is found at 24 C.F.R. § 3500, as well as: 12 CFR Part 1024 et seq. and 12 USC Section 2605, 15 U.S.C.A. § 1601 et. Seq., and 18 U.S. Code § 1343, and the FDCPRA, 15 U.S.C. § 1601, et. seq.

F.   The amount in controversy is in excess of $75000.00.


2. **Background Material Facts**

A. At all times relevant and material hereto the Note/Mortgage of the Plaintiff, identified as STATEBRIDGE Loan Number 0000022580, was alleged to be in a default status and  on April 12, 2021 Defendants had initiated foreclosure proceeding in the Court of Common Pleas of Delaware, under docket number CV-2021-003452 – said action is still pending

B. The Plaintiff retained the services of the Keaveney Legal Group as counsel, to assist in all aspects of the resolution of the alleged default.

C. In order to resolve the alleged default the Plaintiff advised the Defendants of his intentions to pursue Loss Mitigation by way of a Loan Modification Application.

D. In response, the Defendants did offer to assist the Plaintiff in loss mitigation and to do so in a competent and professional manner, abiding by a laws, statues and regulations governing the handling and processing of a loss mitigation application.

E. At all times relevant and material hereto the Plaintiff did accept aforesaid offer and did pursue an application for loss mitigation relief.

F. On or about April 14, 2022 the Plaintiff did complete and submit a full Modification Application with all required documentation – a copy of which is attached hereto and marked as **Exhibit A**.

G. On April 22, 2022, May 16, 2022 and August 4, 2022 the Plaintiff submitted additional updated documentation at the request of the Defendants – copies of which are attached hereto and collectively marked as **Exhibit B.**

H. On May 17, 2022 the Plaintiff received a letter from the Defendants acknowledging receipt of the said Modification Application and documents and stating that the application package was "completed" as of April 15, 2022 – a copy of this letter is attached hereto and marked as **Exhibit C.**

I. Under Reg. X, Subpart C, 12 C.F.R. Secs 1024.41(c)(1) the Defendants had only 35 days to respond to said Modification Application, but failed to do so.

J. In an attempt to follow up on and ascertain the status of the Modification a Nathan Fairman of Plaintiff's counsel's offices engaged in a series of emails from July 6, 2022 – July 26, 2022. Copies of said emails together with the responses of the Defendants are attached hereto, incorporated herein by reference and collectively marked as **Exhibit D.**

K. Defendants' email responses speak for themselves, but the same were woefully deficient containing broken promises and unsatisfactory excuses.

L. From June 1, 2022 through August 24, 2022, both a Kate Gable and a Nathan Fairman of Plaintiff's counsel's offices also made several calls to the Defendants seeking a status as to the Modification Application. A summary of said calls with the responses of the Defendants is attached hereto, incorporated herein by reference and marked as **Exhibit E.**

M. On or about September 22, 2022 , September 26, 2022 and October 5, 2022, the Plaintiff through counsel did call the Defendants inquiring about an alleged Trial Modification that Defendants were representing would be offered. In response Defendants promised call backs that never came and to date no Trial Modification as alleged has been offered.

N. Defendants' call responses speak for themselves, but the same were woefully deficient containing broken promises and unsatisfactory excuses.

O. Defendants' failure and refusal to generate proper responses to said calls and emails as to the Modification Application of the Plaintiff were in violation of 12 U.S.C. Sec 2605(e), Reg. X, Subpart C, 12 C.F.R. Secs 1024.39 (*Duty to Provide Early*

*Intervention*), 1024.36 (*Duty to Maintain Continuity of Contact*) and 1024.41 (*Duty to Comply with Loss Mitigation Procedures*), all of which negligently and/or intentionally prevented the Plaintiff from attempting a cure of her alleged defaulted mortgage, which cure she is entitled to pursue as an offered loss mitigation option, and, also preventing her from seeking alternative remedies by relying on the Defendants' false promises and inducements of prompt and immediate servicing and assistance.

P. In accordance with her rights under applicable law, the Plaintiff did send to the Defendants Requests for Information and Notices of Error – copies of which are attached hereto, incorporated herein by reference and collectively marked as **Exhibit F.** In repeated violations of 12 U.S.C. Sec 2605(e), Reg. X, Subpart C, 12 C.F.R. Secs 1024.35 and 1024.36, Defendants have failed to respond, prejudicing the Plaintiff from receiving the professional assistance offered by the Defendants and accepted by the Plaintiff, thereby negligently and/or intentionally preventing her from attempting a cure of her alleged defaulted mortgage

Q. The conduct of the Defendants as hereinbefore set forth demonstrates a "pattern or practice" of non- compliance with the Real Estate Settlement and Procedures Act (RESPA) Regulation X for which liability may be imposed for actual and statutory damages, including counsel fees and costs, 12U.S.C. S 2605(f)(l).

R. At all times relevant and material hereto the Defendants are subject to the within cited provisions of Regulation X of RESPA as 12 CFR Sec 1024.2(b) defines Servicer as a person responsible for the servicing of a federally related mortgage loan (including the person who makes or holds such loan if such person also services the loan).

S. The Plaintiff as a borrower may enforce violations of these provisions through a private cause of action pursuant to 12 U.S.C. S 2605(t). See 12 C.F.R. S 1024.41 (a).

T. As a direct result of this inexplicable breach of agreements and violations followed by lack of communication and assistance, all as required under RESPA, the Plaintiff has been denied her contractual and statutory right to a Permanent Loan Modification, her account remains in a default status with interest and charges accumulating and she is facing foreclosure.

U. As a direct result of the conduct of the Defendants as herein before and herein after set forth, the Plaintiff has suffered severe damages, including but not limited to:

   a. Physical and emotional harm and other damages due to resultant anxiety, stress, fear and embarrassment related to the potential loss of her property and loss of right to cure default;

   b. Economic losses associated with the preclusion of her ability to cure any alleged delinquency and/or default by way of proper loss mitigation thereby exposing the Plaintiff to additional interest, late fees, damage to credit, counsel fees and costs;

   c. Counsel fees, costs and other losses as may be revealed during discovery or the trial of this case.

## COUNT ONE

### Common Law Negligence and/or Reckless Indifference and/or Intentional Misrepresentation

1. Plaintiff hereby incorporates by reference all preceding paragraphs as if set forth at length herein.

2. Defendant, through its agents, servants and employees, negligently, carelessly, recklessly and/or intentionally fail to manage, service and/or maintain the Plaintiff's account and /or otherwise engaged in unconscionable commercial practices, deception, fraud, false pretense, false promise and/or misrepresentations with regard to the servicing of the subject loan, specifically but not by way of limitation:

   a. Under Reg. X, Subpart C, 12 C.F.R. Secs 1024.41(c)(1) the Defendants had only 35 days to respond to said Modification Application, but failed to do so.

   b. In an attempt to follow up on and ascertain the status of the Modification a Nathan Fairman of Plaintiff's counsel's offices engaged in a series of emails from July 6, 2022 – July 26, 2022. Copies of said emails together with the responses of the Defendants are attached hereto, incorporated herein by reference and collectively marked as **Exhibit D.** Defendants' email responses speak for themselves, but the same were woefully deficient containing broken promises and unsatisfactory excuses with no corrective measures provided as represented.

    c.   From June 1, 2022 through August 24, 2022, both a Kate Gable and a Nathan Fairman of Plaintiff's counsel's offices also made several calls to the Defendants seeking a status as to the Modification Application. A summary of said calls with the responses of the Defendants is attached hereto, incorporated herein by reference and marked as **Exhibit E.** Defendants' call responses speak for themselves, but the same were woefully deficient containing broken promises and unsatisfactory excuses with no corrective measures provided as represented.

    d.   Defendants' failure and refusal to generate proper responses to said calls and emails as to the Modification Application of the Plaintiff were in violation of 12 U.S.C. Sec 2605(e), Reg. X, Subpart C, 12 C.F.R. Secs 1024.39 (*Duty to Provide Early Intervention*), 1024.36 (*Duty to Maintain Continuity of Contact*) and 1024.41 (*Duty to Comply with Loss Mitigation Procedures*),  all of which negligently and/or intentionally prevented the Plaintiff from attempting a cure of her alleged defaulted mortgage, which cure she is entitled to pursue as an offered loss mitigation option, and, also preventing her from seeking alternative remedies by relying on the Defendants' misrepresentations, false promises and inducements of prompt and immediate servicing and assistance.

    e.   In accordance with her rights under applicable law, the Plaintiff did send to the Defendants Requests for Information and Notices of Error – copies of which are attached hereto, incorporated herein by reference and collectively marked as **Exhibit F.** In repeated violations of 12 U.S.C. Sec 2605(e), Reg. X, Subpart C, 12 C.F.R. Secs 1024.35 and 1024.36, Defendants negligently and/or intentionally failed to respond, prejudicing the Plaintiff from receiving the professional assistance offered by the Defendants and accepted by the Plaintiff, thereby negligently and/or intentionally preventing her from attempting a cure of her alleged defaulted mortgage

3.   Alternatively, and or additionally, Defendants negligently, carelessly, recklessly and/or intentionally engaged in acts of omission, including but not limited to failing to communicate, knowingly disregarded, concealed, and suppressed material account information and status of a completed Loan Modification Application.

4. At all times relevant and material hereto, Defendant knew that the Loan Modification Application was, amongst other purposes, an attempt to cure the alleged default and end the threat of foreclosure, all of which the Plaintiff was entitled to pursue.

5. As a direct result of this inexplicable breach of agreements and violations followed by lack of communication and assistance, all as required under RESPA, the Plaintiff has been denied her contractual and statutory right to a Permanent Loan Modification, her account remains in a default status with interest and charges accumulating and she is facing foreclosure.

6. As a direct result of the conduct of the Defendants as herein before and herein after set forth, the Plaintiff has suffered severe damages, including but not limited to:

   a. Physical and emotional harm and other damages due to resultant anxiety, stress, fear and embarrassment related to the potential loss of her property and loss of right to cure default;

   b. Economic losses associated with the preclusion of her ability to cure any alleged delinquency and/or default by way of proper loss mitigation thereby exposing the Plaintiff to additional interest, late fees, damage to credit, counsel fees and costs;

   c. Counsel fees, costs and other losses as may be revealed during discovery or the trial of this case.

   **WHEREFORE,** the Plaintiff demands judgment against Defendants for damages, interests and costs of suit including:

   a. Punitive and/or treble damages;

   b. Damages as permitted by statute and common law;

   c. Counsel fees;

   d. All other relief this Court deems necessary and just.

## COUNT TWO

### Breach of Contract and Breach of Good Faith and Fair Dealing

7. The Plaintiff incorporates herein by reference all preceding paragraphs as if fully set forth

herein.

8.  In New Jersey a breach of contract action involves (1) the existence of a contract, (2) a breach of a duty imposed by the contract, and (3) damages.

9.  At all times relevant and material hereto on two occasions as identified hereinbefore, the Defendants had contracted, promised, agreed and represented that they would properly service the Plaintiff's account and handle and process the Plaintiff's loss mitigation application diligently and in accordance with the law, and otherwise not take any action which would harm the Plaintiff and his rights, including but not limited to her right to attempt at loan modification so as to maintain the cure of her loan so as to avoid the consequences of default.

10. Defendants proceeded to breach and otherwise violate this agreement by engaging in unconscionable commercial practices, deception, fraud, false pretense, false promise and/or misrepresentations with regard to the servicing of the subject loan, specifically but not by way of limitation:

    a.  Under Reg. X, Subpart C, 12 C.F.R. Secs 1024.41(c)(1) the Defendants had only 35 days to respond to said Modification Application, but failed to do so.

    b.  In an attempt to follow up on and ascertain the status of the Modification a Nathan Fairman of Plaintiff's counsel's offices engaged in a series of emails from July 6, 2022 – July 26, 2022. Copies of said emails together with the responses of the Defendants are attached hereto, incorporated herein by reference and collectively marked as **Exhibit D.** Defendants' email responses speak for themselves, but the same were woefully deficient containing broken promises and unsatisfactory excuses with no corrective measures provided as represented.

    c.  From June 1, 2022 through August 24, 2022, both a Kate Gable and a Nathan Fairman of Plaintiff's counsel's offices also made several calls to the Defendants seeking a status as to the Modification Application. A summary of said calls with the responses of the Defendants is attached hereto, incorporated herein by reference and marked as **Exhibit E.** Defendants' call responses speak for themselves, but the same were

woefully deficient containing broken promises and unsatisfactory excuses with no corrective measures provided as represented.

d.  Defendants' failure and refusal to generate proper responses to said calls and emails as to the Modification Application of the Plaintiff were in violation of 12 U.S.C. Sec 2605(e), Reg. X, Subpart C, 12 C.F.R. Secs 1024.39 (*Duty to Provide Early Intervention*), 1024.36 (*Duty to Maintain Continuity of Contact*) and 1024.41 (*Duty to Comply with Loss Mitigation Procedures*),  all of which negligently and/or intentionally prevented the Plaintiff from attempting a cure of her alleged defaulted mortgage, which cure she is entitled to pursue as an offered loss mitigation option, and, also preventing her from seeking alternative remedies by relying on the Defendants' misrepresentations, false promises and inducements of prompt and immediate servicing and assistance.

e.  In accordance with her rights under applicable law, the Plaintiff did send to the Defendants Requests for Information and Notices of Error – copies of which are attached hereto, incorporated herein by reference and collectively marked as **Exhibit F.** In repeated violations of 12 U.S.C. Sec 2605(e), Reg. X, Subpart C, 12 C.F.R. Secs 1024.35 and 1024.36, Defendants negligently and/or intentionally failed to respond, prejudicing the Plaintiff from receiving the professional assistance offered by the Defendants and accepted by the Plaintiff, thereby negligently and/or intentionally preventing her from attempting a cure of her alleged defaulted mortgage

11. Said conduct as hereinbefore set forth also constituted a violation of Defendants' implied covenant of good faith and fair dealing with the Plaintiff.

12. As a result of Defendants' material breach the Plaintiff has been deprived of his statutory and contractual right to cure.

13. As a direct and proximate result of the aforesaid, the Plaintiff was wrongfully prevented from curing any delinquency alleged and Defendants have wrongfully threatened to pursue foreclosure.

14.  As a further direct result of the conduct of the Defendants as herein before and herein after

set forth, the Plaintiff has suffered severe damages, including but not limited to:

    a. Physical and/or emotional harm and other damages due to resultant anxiety, stress, fear and embarrassment related to the possible loss of his property;

    b. Economic losses associated with the preclusion of their ability to cure any alleged delinquency and/or default by way of proper loss mitigation thereby exposing the Plaintiff to additional interest, late fees, damage to credit, counsel fees and costs;

    c. Other losses as may be revealed during discovery or the trial of this case.

**WHEREFORE,** the Plaintiff demands judgment against Defendant for damages, interests and costs of suit including:

    a. Punitive and/or treble damages;

    b. Damages as permitted by statute and common law;

    c. Counsel fees;

    d. All other relief this Court deems necessary and just.

## COUNT THREE

### Common Law Fraud and/or Violation of the Pennsylvania "Unfair Trade Practices and Consumer Protection Law." 73 P.S. §§201-1 - 201-9.2.

15. Plaintiff hereby incorporates herein by reference all preceding paragraphs as if set forth at length.

16. At all times relevant and material hereto the Plaintiff was consumers of the Defendant's goods and services and as such the conduct of the Defendant and the transaction was governed by the **Pennsylvania "Unfair Trade Practices and Consumer Protection Law." 73 P.S. §§201-1 - 201-9.2.**

17. At all times relevant and material hereto the Defendant did violate **the Pennsylvania "Unfair Trade Practices and Consumer Protection Law." 73 P.S. §§201-1 - 201-9.2** by engaging in unconscionable commercial practices, deception, fraud, false pretense, false promise and/or misrepresentations with regard to the servicing of the  subject loan, specifically but not by way of limitation:

a.  Under Reg. X, Subpart C, 12 C.F.R. Secs 1024.41(c)(1) the Defendants had only 35 days to respond to said Modification Application, but failed to do so.

b.  In an attempt to follow up on and ascertain the status of the Modification a Nathan Fairman of Plaintiff's counsel's offices engaged in a series of emails from July 6, 2022 – July 26, 2022. Copies of said emails together with the responses of the Defendants are attached hereto, incorporated herein by reference and collectively marked as **Exhibit D.** Defendants' email responses speak for themselves, but the same were woefully deficient containing broken promises and unsatisfactory excuses with no corrective measures provided as represented.

c.  From June 1, 2022 through August 24, 2022, both a Kate Gable and a Nathan Fairman of Plaintiff's counsel's offices also made several calls to the Defendants seeking a status as to the Modification Application. A summary of said calls with the responses of the Defendants is attached hereto, incorporated herein by reference and marked as **Exhibit E.** Defendants' call responses speak for themselves, but the same were woefully deficient containing broken promises and unsatisfactory excuses with no corrective measures provided as represented.

d.  Defendants' failure and refusal to generate proper responses to said calls and emails as to the Modification Application of the Plaintiff were in violation of 12 U.S.C. Sec 2605(e), Reg. X, Subpart C, 12 C.F.R. Secs 1024.39 (*Duty to Provide Early Intervention*), 1024.36 (*Duty to Maintain Continuity of Contact*) and 1024.41 (*Duty to Comply with Loss Mitigation Procedures*),  all of which negligently and/or intentionally prevented the Plaintiff from attempting a cure of her alleged defaulted mortgage, which cure she is entitled to pursue as an offered loss mitigation option, and, also preventing her from seeking alternative remedies by relying on the Defendants' misrepresentations, false promises and inducements of prompt and immediate servicing and assistance.

e.  In accordance with her rights under applicable law, the Plaintiff did send to the Defendants Requests for Information and Notices of Error – copies of which are attached hereto, incorporated herein by reference and collectively marked as **Exhibit F.** In repeated violations of 12 U.S.C. Sec 2605(e), Reg. X, Subpart C, 12 C.F.R. Secs 1024.35 and 1024.36, Defendants negligently and/or intentionally failed to respond, prejudicing the Plaintiff from receiving the professional assistance offered by the Defendants and accepted by the Plaintiff, thereby negligently and/or intentionally preventing her from attempting a cure of her alleged defaulted mortgage.

f.  Defendants have repetitively yet deceptively advised the Plaintiff that they would be "looking into this issue", but have steadfastly refused to address this dispute and/or make a determination on the submitted Modification Application.

18. The actions of the Defendant were performed in direct contradiction to its promises to provide superior and legal loan servicing, but instead were performed for their own financial self-interests, in detriment to the rights and position of the Plaintiff.

19. As a direct and proximate result of the aforesaid, the Plaintiff was wrongfully prevented from curing any delinquency alleged and Defendant has wrongfully threatened to pursue foreclosure all of which has caused the Plaintiff severe financial, physical and emotional damage and loss.

20. As a further direct result of the conduct of the Defendant as herein before and herein after set forth, the Plaintiff has suffered severe damages, including but not limited to:

a.  Physical and/or emotional harm and other damages due to resultant anxiety, stress, fear and embarrassment related to the possible loss of their property;

b.  Economic losses associated with the preclusion of their ability to cure any alleged delinquency and/or default by way of proper loss mitigation thereby exposing the Plaintiff to additional interest, late fees, damage to credit, counsel fees and costs;

c.  Other losses as may be revealed during discovery or the trial of this case.

**WHEREFORE,** the Plaintiff demands judgment against Defendant for damages, interests and costs of suit including:

    a.  Punitive and/or treble damages;

    b.  Damages as permitted by statute and common law;

    c.  Counsel fees;

    d.  All other relief this Court deems necessary and just.

## COUNT FOUR

### Violations of the Truth-in-Lending Act and
### Real Estate Settlement and Procedures Act

21. Plaintiff hereby incorporates by reference all preceding paragraphs as if set forth at length herein.

22. In January 2013, the Consumer Financial Protection Bureau issued a number of final rules concerning mortgage markets in the United States, pursuant to the Dodd-Frank Wall Street Reform and Consumer Protection Act (DFA), Public Law No. 111-203, 124 Stat. 1376 (2010).

23. Specifically, on January 17, 2013, the CFPB issued the Real Estate Settlement Procedures Act (Regulation X) and the Truth in Lending Act (Regulation Z) Mortgage Servicing Final Rules, 78 FR 10901 (Regulation Z)(February 14, 2013) and 78 FR 10695 (Regulation X)(February 14, 2013). These Regulations became effective on January 10, 2014.

24. The residential mortgage loan in this case is a "federally related mortgage loan" as that term is defined by Regulation 1024.2 (b) of the said Regulations.

25. The Plaintiff alleges that the conduct of the Defendant indicates a pattern and practice of failures to comply with loss mitigation rules, specifically with respect to 12 CFR Sec. 1024 as set forth hereinbefore, incorporated herein by reference. Specifically but not by way of limitation the Defendant's violations and failures consisted of:

    a.  Under Reg. X, Subpart C, 12 C.F.R. Secs 1024.41(c)(1) the Defendants had only 35 days to respond to said Modification Application, but failed to do so.

b. In an attempt to follow up on and ascertain the status of the Modification a Nathan Fairman of Plaintiff's counsel's offices engaged in a series of emails from July 6, 2022 – July 26, 2022. Copies of said emails together with the responses of the Defendants are attached hereto, incorporated herein by reference and collectively marked as **Exhibit D.** Defendants' email responses speak for themselves, but the same were woefully deficient containing broken promises and unsatisfactory excuses with no corrective measures provided as represented.

c. From June 1, 2022 through August 24, 2022, both a Kate Gable and a Nathan Fairman of Plaintiff's counsel's offices also made several calls to the Defendants seeking a status as to the Modification Application. A summary of said calls with the responses of the Defendants is attached hereto, incorporated herein by reference and marked as **Exhibit E.** Defendants' call responses speak for themselves, but the same were woefully deficient containing broken promises and unsatisfactory excuses with no corrective measures provided as represented.

d. Defendants' failure and refusal to generate proper responses to said calls and emails as to the Modification Application of the Plaintiff were in violation of 12 U.S.C. Sec 2605(e), Reg. X, Subpart C, 12 C.F.R. Secs 1024.39 (*Duty to Provide Early Intervention*), 1024.36 (*Duty to Maintain Continuity of Contact*) and 1024.41 (*Duty to Comply with Loss Mitigation Procedures*),  all of which negligently and/or intentionally prevented the Plaintiff from attempting a cure of her alleged defaulted mortgage, which cure she is entitled to pursue as an offered loss mitigation option, and, also preventing her from seeking alternative remedies by relying on the Defendants' misrepresentations, false promises and inducements of prompt and immediate servicing and assistance.

e. In accordance with her rights under applicable law, the Plaintiff did send to the Defendants Requests for Information and Notices of Error – copies of which are attached hereto, incorporated herein by reference and collectively marked as **Exhibit F.** In repeated violations of 12 U.S.C. Sec 2605(e), Reg.

X, Subpart C, 12 C.F.R. Secs 1024.35 and 1024.36, Defendants negligently and/or intentionally failed to respond, prejudicing the Plaintiff from receiving the professional assistance offered by the Defendants and accepted by the Plaintiff, thereby negligently and/or intentionally preventing her from attempting a cure of her alleged defaulted mortgage.

f.  Defendants have repetitively yet deceptively advised the Plaintiff that they would be "looking into this issue", but have steadfastly refused to address this dispute and/or make a determination on the submitted Modification Application.

26. As a direct and proximate result of the aforesaid, the Plaintiff was wrongfully prevented from curing any delinquency alleged and Defendants have wrongfully threatened to pursue foreclosure including a Sheriff Sale, all of which has caused the Plaintiff severe financial, physical and emotion damage and loss.

27. As a further direct result of the conduct of the Defendants as herein before and herein after set forth, the Plaintiff has suffered severe damages, including but not limited to:

a.  Physical and/or emotional harm and other damages due to resultant anxiety, stress, fear and embarrassment related to the possible loss of their property;

b.  Economic losses associated with the preclusion of their ability to cure any alleged delinquency and/or default by way of proper loss mitigation thereby exposing the Plaintiff to additional interest, late fees, damage to credit, counsel fees and costs;

c.  Other losses as may be revealed during discovery or the trial of this case.

**WHEREFORE,** the Plaintiff demands judgment against Defendants for damages, interests and costs of suit including:

        a.   Punitive and/or treble damages;

        b.   Damages as permitted by statute and common law;

        c.   Counsel fees;

        d.   All other relief this Court deems necessary and just.

_____

**KEAVENEY LEGAL GROUP, LLC**
Thomas Masciocchi, Esq.
New Jersey State Bar ID No.: 027941988
1000 Maplewood Drive, Suite 202,
Maple Shade, New Jersey 08052
Tel. (800) 219-0931
*Attorneys for Plaintiff,* KRISTINA L. HANSEN